EXHIBIT A

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between MICHAEL FISHER ("Claimant" or "Plaintiff") and SD PROTECTION INC. and SANDRA DOMINGUEZ MERCADO (collectively the "Company" or "Defendants"), (Claimant and the Company are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of January 30, 2018.

## **RECITALS**

A.  WHEREAS, Claimant filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-2229;

B.  WHEREAS, no court has considered or determined the claims presented;

C.  WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimant's allegations;

D.  NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## **AGREEMENT**

1.  <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.  <u>Settlement Compensation and Release</u>

Company agrees to pay Claimant the settlement amount of $25,000.00 (the "Settlement Amount"), inclusive of all costs and fees, including but not limited to attorney's fees. Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, the Settlment Amount as follows:

   a) On or before January 25, 2018, a certified check in the amount of $2,000.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

   b) On or before February 26, 2018, a certified check in the amount of $2,000.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

   c) On or before March 26, 2018, a certified check in the amount of $2,000.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

    d) On or before April 25, 2018, a certified check in the amount of $2,000.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

    e) On or before May 25, 2018, a certified check in the amount of $8,500.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

    f) On or before June 25, 2018, a certified check in the amount of $8,500.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

    For and in consideration of the payments provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Company from federal and New York State wage and hour claims, which Claimant has or may have against Company. The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue a 1099 form to Claimant.

    To the extent that any payments become due pursuant to the above schedule prior to the Court's approval of this settlement agreement, pursuant to *Cheeks v. Freeport Pancake House*, then Defendants shall remit all such scheduled payments to Defendants' Counsel, Law Offices of Nolan Klein, 1 E. Broward Blvd., Ste. 1500, Ft. Lauderdale, FL 33301, to be held in escrow pending approval. Defendants' Counsel will notify Plaintiff's Counsel by email upon receipt of each payment. Upon court approval of this Agreement, Defendants' counsel will immediately release all payments held in escrow and send them by overnight mail to Plaintiff's counsel at the address above.

    3.    <u>Release by Plaintiff.</u> In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Amount, Plaintiff, with the intention of binding himself, his heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally releases, waives and forever discharges Defendants from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing minimum wage, overtime pay, wage payments, spread-of-hours payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Lawsuit or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law.

4. **Mutual Non-Disparagement**. Claimant and Company mutually agree that they will not disparage each other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

5. **Voluntary Dismissal**. Upon execution of the Settlement Agreement, the parties shall file a motion seeking the Court's approval of the Settlement Agreement. The parties agree that the case shall remain open until the Settlement Amount has been paid in full. Upon receipt of (i) the Court's approval of the Settlement Agreement and (ii) full payment of the Settlement Amount, the parties shall thereafter file a Stipulation of Dismissal with prejudice in the Action.

6. **Jurisdiction**. The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

7. **Headings**. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

8. **Entire Agreement.** This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral. The Parties agree that, other than as provided in this Agreement, they have no further obligation of any kind to one another except as contained in this Agreement.

9. **Changes To Agreement.** This Agreement may not be changed, amended, modified or terminated except by a written instrument signed by each of the Parties to this Agreement.

10. **Severability.** In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

11. **Acknowledgment.** Plaintiff acknowledges that he has consulted with his attorneys in connection with this Settlement Agreement; that Plaintiff knows and understands the binding effect of this Agreement and that Plaintiff voluntarily and knowingly agrees to the terms of this Agreement, and any waivers made herein are knowing, voluntary, conscious and with full appreciation that they are forever foreclosed from pursuing any of the rights so waived.

12. **Execution in Counterparts.** This Agreement may be executed in counterparts and/or by facsimile or other electronic transmission, each of which when executed shall be deemed to be an original and all of which together shall constitute a single instrument binding upon the Parties.

13. **Signatures.** The Parties hereby signify their agreement to the above terms by their signatures below.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
**Michael Fisher**


**SD Protection Inc.**

By: _____*[signature]*_____
Name: Sandra Dominguez Mercado
Title: Owner

_____*[signature]*_____
**Sandra Dominguez Mercado**


**As to Section 2:**

**Law Offices of Nolan Klein, P.A.**

By: ___*[signature]*_____
**Valerie K. Ferrier, Esq.**

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Michael Fisher


**SD Protection Inc.**


By: _____
      Name:
      Title:

_____
**Sandra Dominguez Mercado**


As to Section 2:

**Law Offices of Nolan Klein, P.A.**


By: _____
      **Valerie K. Ferrier, Esq.**