UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL FISHER, on behalf of himself
and others similarly situated,

                              Plaintiff,

      -against-

SD PROTECTION INC., et al.,

                           Defendants.
---------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/18
```

17 Civ. 2229 (RMB)

**ORDER APPROVING**
**MODIFIED SETTLEMENT**

      Having reviewed the record herein, including without limitation: **(i)** the parties' proposed Settlement Agreement and Release, dated January 30, 2018 ("Settlement Agreement"), resolving Plaintiff Michael Fisher's ("Fisher") claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq., for a total of $25,000 (including Plaintiff's award and attorneys fees and costs); **(ii)** Plaintiff Counsel Lee Litigation Group, PLLC's letter, dated January 30, 2018, regarding attorneys fees and expenses of $17,860 in fees and $5,140 in costs, or 92% of the total settlement amount (Letter from C.K. Lee to Hon. Richard M. Berman, dated January 30, 2018 ("Pl. L tr.") at 2); **(iii)** the hearing before this Court held on October 25, 2017 ("Hr'g Tr."); **(iv)** Plaintiff's Counsel's Attorneys Fees Exhibits B and C ("Att'y Fees Exhibit"), dated January 30, 2018, in support of Counsel's requested attorneys fees and expenses; and **(v)** applicable legal authorities, **the Court approves the Settlement Agreement with the significant modifications set forth below**:

      (1)    The proposed Settlement Agreement provides, as noted, for a total settlement amount of $25,000, including $2,000 for Plaintiff Fisher's damages; and $23,000 for Plaintiff's counsel's legal fees ($17,860 of attorneys fees and $5,140 of attorneys costs). (Pl. Ltr. at 1; Att'y

1

Fees Exhibits B and C). This proposed Settlement Agreement is modified in Paragraphs 5 and 6 infra.

(2) The proposed Settlement Agreement called for payments to be made in six monthly installments: the first four installments of $2,000 were to be paid every 30 days starting November 27, 2017; followed by installments of $8,500 to be paid on or before March 26, 2018 and then April 25, 2018. (Settlement Agreement, ¶ 2; Hr'g Tr. at 5:16-21). This payment schedule is modified in Paragraph 7 infra.

(3) This FLSA action for unpaid overtime involved one Plaintiff, one individual Defendant, Sandra Dominguez Mercado, and Mercado's company, SD Protection, Inc. The damages claim was calculated by determining the number of weeks worked (13 weeks) multiplied by the overtime hours worked (9 hours) which equals 117 hours, and then multiplying 117 by half the Plaintiff's regular hourly salary or $5/hour for a total of $585. Discovery was not extensive; only two depositions (of Defendant Mercado) were taken by Plaintiff. There was no motion practice. Plaintiff's Counsel did file a pre-motion letter, dated August 31, 2017, for class certification, but no motion was ever submitted. The parties settled this case at a hearing on October 25, 2017.

(4) The Court finds the total settlement amount of $25,000 is fair and reasonable, in light of the following factors: "(1) the plaintiff's range of possible recovery [zero to $11,170]; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Noel v. Laidlaw & Company, LTD., 16 Civ. 3975, slip op., at 3; see also Hr'g. Tr. at 4:7-6:3.

**Plaintiff's Award**

(5) Plaintiff's award as modified by the Court is $15,055. This amounts to 60.22% of the settlement amount. See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc., 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (increasing plaintiff's award by reducing attorneys fees). This amount is based upon, among other things, the Court's review of the entire record herein, including Plaintiff's Complaint, dated March 28, 2017. The Plaintiff's award consists of (1) $585 in unpaid overtime compensation; (2) $585 in liquidated damages[1]; (3) $5,000 under the New York Labor Law wage notice requirement; and (4) $5,000 under the New York Labor Law wage statement requirement.[2] (See Amended Complaint at 11, Att'y Fees Exhibit B).

The Court has also allocated to Plaintiff the (additional) amount of $3,885 resulting from the reduction in proposed attorneys fees, as further discussed in Paragraph 6 infra. See Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015) ("The Court's primary function is to make sure that some of the plaintiff's recovery has not been unreasonably diverted to pay his attorney a greater fee than that to which he is entitled.").

**Attorneys Fees**

(6) Barring unusual circumstances, courts in the S.D.N.Y. have declined to award attorneys fees constituting more than one-third of the total settlement amount in an FLSA action. Martinez v. Gulluoglu LLC, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016). The instant

---

[1] Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

[2] In his Amended Complaint, Plaintiff sought "[a]n award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law [1] wage notice and [2] wage statement requirements. Amended Complaint at 11. The maximum statutory penalty for a violation of either requirement is $5,000. Att'y Fees Exhibit B.

litigation did not involve unusual circumstances. The Court is awarding Plaintiff's Counsel $1,695 in costs and $8,250 in attorneys fees.

Plaintiff's Counsel had requested costs in the amount of $5,140 for, among other things, filing fee, service fees, court reporting fees, and travel expenses. (See Att'y Fees Exhibit C). But Counsel has submitted documentation supporting no more than $1,695 in costs. Id. "[I]t is [ ] the requesting party's burden to support its application, and this means that the requested costs must be substantiated . . . . A mere assertion that a certain cost was incurred, though, is insufficient, where such an assertion is made in a conclusory fashion in a brief or bill of costs, without a supporting affidavit [or] declaration," neither of which were submitted in this case. See Lee v. Santiago, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013).

"[B]oth the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases." Goldberger at 50. The attorney lodestar here is $51,372 or twice the settlement amount. (See Att'y Fees Exhibit C). The percentage of the settlement fund requested is 71.44%. (See Pl's Ltr. at 1). "[N]o matter which method is chosen, district courts should continue to be guided by the traditional criteria in determining a reasonable common fund fee including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger at 50.

Plaintiff's Counsel had proposed attorneys fees of $17,860. This amount is unreasonable and excessive under the factors set forth in Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000).

As to the first Goldberger factor, the "time and labor expended by counsel," Plaintiff's Counsel caused five different attorneys to work on this case for a total of 164.9 hours. (See Att'y Fees Exhibit C). The partner, C.K. Lee, and senior counsel, Anne Seelig, on this case, worked a total of 65.6 hours or 40% of the total attorney time. Id. Junior associates worked 93.2 hours. A paralegal worked 6.1 hours. Id. 164.9 hours appears to be more time than expected or necessary in a relatively simple FLSA case that involved no motion practice and limited discovery. See Flores v. Negril Vill., Inc., 2016 WL 8969316, at *2 (S.D.N.Y. Apr. 25, 2016) (where the court found the requested $15,000 attorneys fee amount "too high" in a "run-of-the-mill wage and hour action involving a single Plaintiff . . . [where] some discovery appears to have taken place, but . . . no other motion practice.").

C.K. Lee seeks compensation at an hourly rate of $550 (for 35.8 hours) and at an hourly rate of $450 for Anne Seelig (for 29.8 hours). The Court finds that both of these rates are not reasonable joining "a chorus" of other courts in this District which have been critical of Plaintiff's Counsel's law firm's rates and have held that experienced attorneys typically charge between $300 and $400 per hour for wage-and-hour cases. See, e.g., Galindo v. East County Louth Inc., 2017 WL 5195237, at *5 (S.D.N.Y. Nov. 9, 2017); Flores, 2016 WL 8969316, at *2; Trinidad v. Pret a Manger (USA) Ltd., 2014 WL 4670870, *9 (S.D.N.Y. Sept. 19, 2014) ("Mr. Lee's reported billing rate of $550 per hour is higher than the norm, which, for wage-and-hour cases in this District, appears to be between $300 and $400 per hour."); Aguilera v. Cookie Panache by Between the Bread, Ltd., 2014 WL 2115143, at *3–4 (S.D.N.Y. May 20, 2014) (referring to Mr. Lee's rate of $550 as "unacceptably high"); Agudelo v. E & D LLC, 2013 WL 1401887, *2 (S.D.N.Y. Apr. 4, 2013) ("At $550 per hour, [Mr. Lee's] quoted rates are

5

disproportionately large compared to the rates charged by comparable employment law attorneys.").

The second and third Goldberger factors – "the magnitude and complexities of the litigation" and the risk of litigation – similarly do not support the requested (excessive) attorneys fee award. Goldberger, 209 F3d. at 50. This case is a relatively simple and uncomplicated overtime dispute, as noted in Paragraph 3 supra. See Sines v. Service Corp. Int'l., 2006 WL 1148725, at *3 (S.D.N.Y. May 1, 2006) (where "the claims . . . involved no issues of exceptional difficulty . . . [i]t is, at bottom, a suit for unpaid overtime").

As to the fourth Goldberger factor, "the quality of representation," Plaintiff's Counsel appears experienced in these matters and acceptable except as to billing. Goldberger, 209 F3d. at 50. But "[c]ourts should not necessarily award an increased fee where counsel simply displays the general level of skill expected." Beane v. Bank of N.Y. Mellon, 2009 WL 874046, at *8 (S.D.N.Y. Mar. 31, 2009).

The fifth Goldberger factor, "the requested fee in relation to the settlement," weighs heavily against the fees and costs sought by Plaintiff's Counsel. As noted, Plaintiff's Counsel proposed that they receive $23,000 in fees and costs (or 92% of the total settlement amount), while Plaintiff would receive only $2,000 (or 8% of the total settlement amount). **This is a huge inappropriate disparity**. See Thornhill v. CVS Pharmacy, Inc., 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) ("the size of the requested fee in relation to the total settlement – approximately 52% – is unreasonably high."). "Courts in this Circuit rarely approve FLSA [attorneys] fee awards representing more than one third of the total settlement amount, and regularly reduce awards exceeding that threshold to one third [of the total] or lower[.]" Flores,

2016 WL 8969316 at *2 (citing Lopez v. Poko-St. Ann L.P., 2016 WL 1319088, at *2 (S.D.N.Y. Apr. 4, 2016) (collecting cases)).

The sixth Goldberger factor, "public policy considerations," also supports a reduced attorneys fee and costs award. See Goldberger, 209 F3d. at 50; In re Elan Sec. Litig., 385 F. Supp. 2d 363, 376 (S.D.N.Y. 2005). As a matter of policy, 33% of the total settlement amount – or less – is generally the **maximum** fee percentage which is typical and approved in FLSA cases. See, e.g., Manley v. Midan Rest. Inc., 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017); Santos v. EL Tepeyac Butcher Shop Inc., 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorneys fees except in extraordinary circumstances."); Zhang v. Lin Kumo Japanese Rest. Inc., 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

The Court's reduction of attorneys fees to $8,250 equates to 33% of the total settlement amount (rather than the proposed 71.44% of the total settlement amount). A goal is to "ensure that the fees awarded do not constitute a windfall [to Plaintiff's Counsel]." See Manley, 2017 WL 1155916, at *9; see also Velasquez, 137 F. Supp. 3d at 585 ("The Court's primary function is to make sure that some of the plaintiff's recovery has not been unreasonably diverted to pay his attorney a greater fee than that to which he is entitled.").

(7) The Court also modifies Plaintiff's Counsel's proposed schedule of payments. The $25,000 settlement shall be disbursed to Plaintiff and Plaintiff's Counsel in six pro-rata installments (i.e., 60.22% to Plaintiff and 39.78% to Plaintiff's Counsel) as follows:

- First installment of $8,500 ($5,118.70 to Plaintiff and $3,381.30 to Plaintiff's Counsel) shall be disbursed on July 30, 2018.

- Second installment of $8,500 ($5,118.70 to Plaintiff and $3,381.30 to Plaintiff's Counsel) shall be disbursed on August 30, 2018.

- Third installment of $2,000 ($1,204.40 to Plaintiff and $795.60 to Plaintiff's Counsel) shall be disbursed on September 30, 2018.

- Fourth installment of $2,000 ($1,204.40 to Plaintiff and $795.60 to Plaintiff's Counsel) shall be disbursed on October 30, 2018.

- Fifth installment of $2,000 ($1,204.40 to Plaintiff and $795.60 to Plaintiff's Counsel) shall be disbursed on November 30, 2018.

- Sixth installment of $2,000 ($1,204.40 to Plaintiff and $795.60 to Plaintiff's Counsel) shall be disbursed on December 30, 2018.

**Conclusion & Order**

For the reasons set forth above, the Settlement Agreement is approved as modified above. The Court will hold the case open until the last payment is made. (Hr'g Tr. at 4:19-20). Plaintiff's Counsel is directed to report to the Court in writing as to the status of payments to Plaintiff and to counsel on October 5, 2018 and on January 8, 2019.

Dated: New York, New York
July 27, 2018

*RMB*

**RICHARD M. BERMAN**
**U.S.D.J.**

8