# Lee Litigation Group, PLLC

148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:     212-661-1008
                     anne@leelitigation.com

March 4, 2020

**Via ECF**
The Honorable Richard M. Berman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Fisher v. SD Protection Inc., et al.
               Case No. 17-cv-2229

Dear Judge Berman:

    We are counsel to Plaintiff. Following the Court's receipt of the mandate from the United States Court of Appeals for the Second Circuit, and in response to the Order dated March 3, 2020 instructing the parties to each submit letters with suggestions on how to proceed, Plaintiff provides his suggestion below:

    **1. Court Approval of the Settlement**

    It is Plaintiff's position that, as articulated in Plaintiff's original *Cheeks* fairness submission dated January 30, 2018 (ECF Dkt. 78)[1], the Court should now, on remand, approve the parties' $25,000 settlement as fair under *Cheeks* (including approval of the requested attorneys' fees and costs of $23,000). Although the Court may not use proportionality as an outcome determinative factor in evaluating the attorneys fee component of the settlement, the Court of Appeals specifically stated: "In considering the reasonableness of LLG's fees on remand, the district court shall take into account…that LLG engaged in the following tasks: drafting and filing a complaint, discovery (including conducting two depositions in Florida), filing several letter motions

---

[1] As the Court is aware, Plaintiff submitted a lengthy fairness submission with detailed exhibits explaining to the Court why such allocation of the settlement amount was fair and reasonable, in particular, as Plaintiff was receiving over 100% of his calculated backwages, and as Plaintiff's counsel had incurred a lodestar of approximately $51,372 as of that date. Plaintiff supported its application with time records, a detailed breakdown of attorneys' fees and costs, and receipts. Since the submission of the fairness letter, Plaintiff's lodestar has increased exponentially if the fees and costs associated with the subject appeal are considered.

1

concerning discovery disputes, participating in court conferences, engaging in settlement negotiations, and drafting and filing an executed settlement agreement along with a Cheeks submission. Given its efforts in litigating this case and its success in negotiating a favorable settlement on Fisher's behalf, LLG is entitled to reasonable compensation, not limited by an official rule of proportionality." *See* ECF Dkt. No. 97 at p. 28.

**2. Entry of Judgment**

As the Court is aware, on May 23, 2019, Plaintiff filed a Motion to Enforce the Settlement (ECF Dkt. No. 88-90), notwithstanding the appeal that was pending at that time, as Defendants had only paid $4,000 of the $25,000 settlement sum, defaulting and refusing to pay the outstanding balance. The Motion to Enforce sought both a judgment for the outstanding $21,000 balance, as well as attorneys fees incurred in connection with the default and enforcement in the amount of $1,650.

The deadline for Defendants to oppose such motion was June 6, 2019. By letter dated June 11, 2019, the undersigned informed the Court that Defendants failed to file any opposition to the motion, and as such, Plaintiff requested the motion be granted as unopposed (ECF Dkt. No. 93). By Order dated June 13, 2019, the Court stated it would "…go the extra mile to give Defendant until June 21, 2019 to respond. After that, the Court will enter Judgment." (ECF Dkt. No. 94). As Defendant did not respond by the Court's June 21, 2019 deadline, or at all, three months later on October 8, 2019, Plaintiff filed a letter requesting the Court grant the motion as unopposed, and enter Judgment (ECF Dkt. No. 95). Following such letter, the undersigned was contacted by Chambers which requested Plaintiff to submit the timesheets representing time spent in connection with Defendant's default in payment and Plaintiff's motion to enforce the settlement, which Plaintiff filed on November 4, 2019 (ECF Dkt. No. 96).

In view of the foregoing, Plaintiff respectfully requests (i) the Court approve the settlement in full pursuant to *Cheeks*, (ii) grant Plaintiff's motion to enforce the settlement, and (iii) enter judgment in the amount of $21,000 (representing the outstanding settlement balance), plus $1,650 representing time spent by Plaintiff's counsel in connection with enforcement of the settlement, so Plaintiff may begin collection procedures.

We thank the Court for considering this matter.

Respectfully,

*/s/ Anne Seelig*

Anne Seelig, Esq.

cc: all parties via ECF