**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MICHAEL FISHER, on behalf of himself   :
and others similarly situated,   :
 :
 Plaintiff,   :
 :   17 Civ. 2229 (RMB)
 -against-   :
 :   **DECISION & ORDER**
 :   **APPROVING SETTLEMENT**
SD PROTECTION INC., et al.,   :
 :
 Defendants.   :
------------------------------------------------------------X

Having reviewed the record herein, including without limitation: **(1)** the Settlement Agreement and Release executed by the parties, dated January 30, 2018 ("Settlement Agreement"), wherein Defendants agreed to pay $25,000 "inclusive of all costs and fees [and] attorney's fees," in full satisfaction of Plaintiff's claims under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL"). (See Settlement Agreement at 1-2); **(2)** the letter from Plaintiff's counsel, dated January 30, 2018, requesting that the Court approve the $25,000 settlement to be split as follows: **(i)** $2,000 to Plaintiff for his FLSA claims; and **(ii)** $23,000 to Plaintiff's counsel, Lee Litigation Group, PLLC ("Lee Litigation Group"), for its costs ($5,140) and attorneys' fees ($17,860). (See Jan. 30, 2018 Pl. Ltr. at 2-3); **(3)** the Court's Order Approving Modified Settlement, dated July 27, 2018 ("July 27, 2018 Order"), which concluded that the agreed to settlement amount of $25,000 was fair and reasonable in light of the so-called *Noel v. Laidlaw & Company, LTD* factors. The July 27, 2018 Order did not in any way alter the total settlement amount; rather, it modified the split between the parties by approving: **(i)** $15,055 to Plaintiff reflecting, among other things, both his FLSA **and** his NYLL claims; and **(ii)** $9,945 to Plaintiff's counsel reflecting the $1,695 in costs (for which Lee Litigation Group submitted documentation) and $8,250 as reasonable attorneys' fees. (See July 27, 2018 Order at

1

3-7); **(4)** Lee Litigation Group's appeal from the Court's July 27, 2018 Order to the United States Court of Appeals for the Second Circuit, dated December 5, 2018, challenging the Court's "reduction of the attorneys' fees and costs it awarded to Plaintiff's counsel following settlement of Plaintiff's claim." (See Dec. 5, 2018 Pl. Appeal Br. at 29);[1] **(5)** Plaintiff's memorandum, dated May 23, 2019, which stated that Defendants had already begun to fulfill their obligations under the Settlement Agreement and had, in fact, "remitted $4,000 of the $25,000 settlement amount." (See May 23, 2019 Pl. Memo. at 3); **(6)** the decision of the Court of Appeals, dated February 4, 2020 ("COA Decision"), which "vacated" the district court's July 27, 2018 Order and directed the Court, among other things: **(i)** to "reconsider the amount of [attorneys'] costs;" and **(ii)** to "evaluate the reasonableness of the requested attorneys' fees and costs without using proportionality as an outcome determinative factor." (See COA Decision at 15, 27); **(7)** the letter from Defense counsel, dated March 3, 2020, stating that Defendants "take no position [following remand] with respect to the next steps, except that they would not agree to pay any more (gross) than has already been agreed to," namely $25,000. (See Mar. 3, 2020 Def. Ltr. at 1); **(8)** the letter from Plaintiff's counsel, dated March 4, 2020, requesting that the Court on remand "approve the

---

[1] As discussed in the Court's Decision & Order, dated April 7, 2020 ("April 7, 2020 Decision & Order"), Plaintiff's counsel's appeal was premature. (See April 7, 2020 Decision & Order at 1). The Court had agreed with the parties at an October 25, 2017 settlement conference that it would "hold off on [] final dismissal of the case while the installments are paid until they are paid in full." (See Oct. 25, 2017 Tr. at 5:2-6). The Court also agreed in its July 27, 2018 Order that it would "hold the case open until the last payment is made." (See July 27, 2018 Order at 8).

The Court's April 7, 2020 Decision & Order also describes an apparent discrepancy between the attorney costs presented to the Court of Appeals and the costs documented to this Court. The "receipts submitted to the Court of Appeals which accounted for the bulk of Lee Litigation Group's costs had not been submitted to the District Court." (See April 7, 2020 Decision & Order at 9). And, on March 17, 2020, Plaintiff's counsel conceded that "[i]t is possible that there was a human error on our firm's side, perhaps, the paralegal assisting in the mailing of the documents to the Court . . . Perhaps, the district court did not receive the full amount of receipts on initial submission." (Id. citing Mar. 17, 2020 Tr. at 8:25-9:13).

parties' $25,000 settlement as fair under *Cheeks* (including approval of the [originally] requested attorneys' fees and costs of $23,000)." (See Mar. 4, 2020 Pl. Ltr. at 1); **(9)** the teleconference held on March 17, 2020 during which Defense counsel stated: "[W]e have no dog in this fight. We made an agreement and as long as there's no requirement that the defendant's gross amount payable is more [than $25,000], then we're happy to just let you all discuss if there is any change in the division of the money to be made." (See Mar. 17, 2020 Conference Tr. at 17:9-18); **(10)** the April 7, 2020 Decision & Order, advising the parties that upon remand: **(i)** the Court would again approve the $25,000 settlement amount as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and *Noel v. Laidlaw & Company, LTD*, 16-Civ. 3975, slip op. at 3.; **(ii)** the Court would approve an award to Plaintiff in the amount of $11,170 reflecting, among other things, Plaintiff's NYLL claims in addition to the Plaintiff's FLSA claims.; **(iii)** the Court recommends that Plaintiff's counsel receive $4,733.60 to cover its costs. The Court had decided to give Plaintiff's counsel the "benefit of the doubt" with respect to those additional costs that were submitted to the Court of Appeals. (See Mar. 17, 2020 Tr. at 10:10-12); and **(iv)** Lee Litigation Group's proposed legal fees ($17,860) remained excessive, i.e. they were not reasonable based upon the factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and, instead, "[t]he Court recommends that Plaintiff's counsel receive [] $9,096.40 as reasonable attorneys' fees." (See April 7, 2020 Decision & Order at 5-6, 12); **(11)** the letter from Plaintiff's counsel, dated April 13, 2020, stating that Plaintiff agrees to "the allocation of the settlement amount set forth in the [Court's April 7, 2020 Decision & Order]." (See April 13, 2020 Pl. Ltr. at 1); **(12)** the letter from Plaintiff's counsel, dated May 6, 2020, advising that Defendant Sandra Dominguez Mercado has attempted to renege on the settlement and "said that since she cannot comply with the agreement

financially, she cannot sign a new agreement." (See May 6, 2020 Pl. Ltr. at 1). Plaintiff's counsel requested that the Court confirm the January 30, 2018 Settlement Agreement, subject to the allocation recommended by the Court in its April 7, 2020 Decision & Order. (Id.); and **(13)** applicable authorities, **the Court finds and directs as follows:**

1. It is unfortunate that Plaintiff's contractual recovery has not yet been paid in full. (See e.g. Dec. 5, 2018 Pl. Appeal Br.). Following the remand from the Court of Appeals, the Court, as noted, advised the parties that it was prepared again to support the $25,000 settlement but also that Lee Litigation Group's requested fees remained unreasonably high. Defendants appear to have attempted to use the delay to endeavor not to fulfill their obligations, notwithstanding the fact that they have already paid $4,000 pursuant to the Settlement Agreement. (See March 4, 2020 Pl. Ltr. at 2; see also Settlement Agreement at 1).

2. The total settlement amount of $25,000 remains "fair and reasonable" under *Cheeks*, 796 F.3d at 199 and the factors set forth in *Wolinsky*, 900 F. Supp. 2d at 335 and *Noel*, 16-Civ. 3975, slip op. at 3.

3. $4,733.60 is awarded to Plaintiff's counsel to cover its costs.

4. $9,096.40 is awarded to Plaintiff's counsel as attorneys' fees.

5. $11,170 is awarded to Plaintiff Michael Fisher to account for both his FLSA and his NYLL claims.

6. Defendants may not avoid their obligations under the Settlement Agreement because, among other reasons, "[o]nce a court finds that parties reached a settlement agreement . . . such agreement is binding on all parties, even if a party has a change of heart." *See Rahman v. Kaplan Cornelia, Inc.*, 2014 WL 541851, at *3 (S.D.N.Y. Feb. 11, 2014). This is especially true where, as here, Defendants have already paid $4,000 to Plaintiff pursuant to the Settlement Agreement. *See Renaissance Search Partners v. Renaissance Ltd. L.L.C.*, 2013

WL 6839039, at *5 (S.D.N.Y. Oct. 15, 2013). "Allowing a party to withdraw from a settlement pending court approval would deter parties from entering into settlements in the first place . . . and would run contrary to generally applicable contract and settlement principles in this Circuit." *Liberty Towers Realty, LLC v. Richmond Liberty LLC*, 734 F.App'x 68, 71 (2d Cir. 2018).

**Proportionality**

The Court is of the view that proportionality may be most relevant where the plaintiff's award and plaintiff's counsel's legal fees are "coupled," i.e. where they are part and parcel of a lump sum settlement. In the traditional application of "fee-shifting" under 29 U.S.C. §216(b), on the other hand, where attorneys' fees are separately assessed after the plaintiff's award has been determined, proportionality is much less of a concern.[2] Where, as here, there is a lump sum settlement, there is the potential danger of counsel's fees diluting or diminishing the plaintiff's award. (See April 7, 2020 Decision & Order at 24-26; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (Kaplan, D.J.) ("[C]ourts must remain alert to the risk that the filing and settling of FLSA cases has become a volume-based business and that the interest of plaintiffs' counsel in counsel's own compensation will adversely affect the extent of the relief counsel will procure for the clients."). Stated in other terms, "the Court's primary function is to make sure that some of the plaintiff's recovery has not been unreasonably diverted to pay his attorney a greater fee than that to which he is entitled." *See Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015). In *Marcel Mendez, et al v. Pizza on Stone, et al*, 11-CV-6316 (S.D.N.Y. Aug. 9, 2013), the Court stated the problem this way: "[T]he question for me is

---

[2] "[A]wards of attorneys' fees post-trial [or] independent of damages, rather than as part of a settlement" are examples of "fee-shifting" where "proportionality" is less likely to be a relevant factor. *See Sanchez v. IND Glatt, Inc.*, 2018 WL 10468019, at *5 (E.D.N.Y. Jan. 4, 2018); April 7, 2020 Decision & Order at 25-26.

what would be appropriate in an award of attorneys' fees here to provide essentially adequate incentives for plaintiff's lawyers who are doing this important work, but also to not promote activity which ends up not awarding any employees moneys that they actually deserve under the law." "Congress's intent was decidedly not . . . to create an incentive for counsel to prioritize their interests above those of their clients and to submit exaggerated or overblown requests for fees." (April 7, 2020 Decision & Order at 24-25 citing *Dajbabic v. Rick's Café*, 995 F.Supp.2d 210, 213 (E.D.N.Y. 2014)).

**Conclusion & Order**

The Court hereby approves the agreed upon settlement in the amount of $25,000 between Plaintiff and Defendants. The allocation is: $4,733.60 to Plaintiff's counsel to cover its costs; $9,096.40 to Plaintiff's counsel as attorneys' fees; and $11,170 to Plaintiff. From these amounts should be subtracted the $4,000 already paid by Defendants pursuant to the Settlement Agreement.

Defense counsel's motion to withdraw as counsel, dated April 14, 2020, is denied without prejudice in order to facilitate Defendants' payment of the balance owed to Plaintiff under the Settlement Agreement.

Dated: New York, New York
June 4, 2020

**RICHARD M. BERMAN, U.S.D.J.**

6